F. Rozier SHARP, Regional Director of the Seventeenth Region of the National Labor Relations Board, For and on Behalf of the NATIONAL LABOR RELATIONS BOARD, Appellee,

v.

OMAHA BUILDING & CONSTRUCTION TRADES COUNCIL, Appellant.

No. 87–1041.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1987.

Decided June 26, 1987.

Maynard H. Weinberg, Omaha, Neb., for appellant.

Janice L. Glick of the N.L.R.B., Washington, D.C., for appellee.

Before LAY, Chief Judge, HEANEY, Circuit Judge, and LARSON,* Senior District Judge.

LARSON, Senior District Judge.

This case involves an appeal by the Omaha Building & Construction Trades Council from the district court's order[1] enjoining the Council under section 10(l) of the National Labor Relations Act from threatening, coercing or restraining Melvin Simon & Associates with the objective of forcing Melvin Simon & Associates to cease doing business with Kelley-Nelson Construction Co., a non-union employer. The injunction was issued November 20, 1986 and remained in effect for six months pending the final disposition of an unfair labor practice charge filed with the NLRB against the Council. The unfair labor practice charge is still pending before the Board, and the Board has recently filed a motion to extend the injunction pending its final disposition.

The sole issue before the Court in this appeal is whether the district court erred in concluding that there was reasonable cause to believe the Omaha Building & Construction Trades Council falls within the definition of a "labor organization" under section 2(5) of the Labor Relations Act. We affirm the district court's decision.

Section 2(5) of the Act defines "labor organization" as follows:

---

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

The term "labor organization" means any organization of any kind, or any agency or employee representation committee or plan, in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work.

29 U.S.C. § 152(5).

The district court's injunction was issued pursuant to section 10(*l*) of the Act, which provides in relevant part as follows:

Whenever it is charged that any person has engaged in an unfair labor practice * * * the preliminary investigation of such charge shall be made forthwith * *. If, after such investigation, the officer * * * to whom the matter may be referred has reasonable cause to believe such charge is true and that a complaint should issue, he shall, on behalf of the Board, petition [the proper] district court * * * for appropriate injunctive relief pending the final adjudication of the Board with respect to such matter * * *.

29 U.S.C. § 160(*l*).

Because proceedings under section 10(*l*) are designed only to maintain the status quo prior to the Board's final decision on the merits, the court's role is limited to determining whether the Board has reasonable cause to believe a violation has occurred and whether the requested relief is just and proper, *see Solien v. United Steelworkers of America,* 593 F.2d 82, 86–87 (8th Cir.), *cert. denied,* 444 U.S. 828, 100 S.Ct. 54, 62 L.Ed.2d 36 (1979), which in this case includes the threshhold inquiry of whether the Council is a "labor organization" which is subject to the Act. "Reasonable cause" exists if there are facts which reasonably could support the Board's position, even if those facts are disputed. *See, e.g., id.; Hendrix v. International Union of Operating Engineers,* 592 F.2d 437, 442–43 (8th Cir.1979).

The district court found reasonable cause to believe the Council is a labor organization based on the fact that all local building trade unions are members, each delegate to the Council is a member of the local union he or she represents, the organization is financed through a tax levied on member unions, cards are sold and issued to members of the local unions, the Council has at least on one occasion filed a complaint with the NLRB concerning a dispute between member unions and an employer, and the Council has the ability to act as a mediator between trade unions once a jurisdictional dispute arises, in which capacity Council representatives may meet with union representatives and the employer to resolve the dispute.

The Council's primary argument on appeal is that there is insufficient evidence to support the district court's conclusion that the Council was engaged, at least in part, in "dealing with employers" concerning labor relations matters. The term "dealing with" has been broadly construed by the Supreme Court to include more than just collective bargaining, however, *see NLRB v. Cabot Carbon Co.,* 360 U.S. 203, 210–13, 79 S.Ct. 1015, 1020–21, 3 L.Ed.2d 1175 (1959), and we find reasonable grounds to believe the Council deals with employers in this case.

There is evidence that the Council compels local unions to incorporate a particular jurisdictional dispute resolution procedure into their collective bargaining agreements, and the Council itself may act as a mediator in such disputes. There is also evidence that Council representatives make direct contact with employers to encourage the employment of local union affiliates and to facilitate the resolution of labor disputes such as those concerning the use of nonunion or out-of-state contractors.

Under these circumstances, we find the Council's reliance on *Kanawha Valley Labor Council v. American Federation of Labor,* 667 F.2d 436 (4th Cir.1981), inappropriate and misplaced. Not only is there evidence in this case that the Council "deals with" employers—evidence which was lacking in *Kanawha Valley*—but *Kanawha Valley* is also distinguishable because it interpreted the Labor-Management Reporting and Disclosure Act, which specifically excludes from the definition of "la-

bor organization" a "State or local central body." *Id.* at 437 n. 1.

For all of the foregoing reasons, we believe the district court correctly determined that there is reasonable cause to believe the Council is a "labor organization" under section 2(5) of the National Labor Relations Act, and the judgment of the district court in this case is affirmed.